UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PHOENIX AVIATION MANAGERS, INC.,
as Subrogee of JAMES DAVIS and
JANICE DAVIS,

          Plaintiff,

v.                                 Case No. 1:05-CV-498

KNISLEY WELDING, INC.,              HON. GORDON J. QUIST

          Defendant.
_____/

## MEMORANDUM ORDER

The Court has before it Defendant, Knisley Welding, Inc.'s ("KWI"), motion to consolidate, or in the alternative, to stay or dismiss this case. KWI requests that the Court consolidate this case with James D. Davis, et al. v. Knisley Welding, Inc., No. 1:04-CV-381 (W.D. Mich.) ("Davis"), which has been reassigned to Judge Friedman. Alternatively, KWI requests that the Court stay this case or dismiss it on the basis that Plaintiff, Phoenix Aviation Managers, Inc. ("Phoenix"), as subrogee of James Davis and Janice Davis (the "Davises"), has failed to join the Davises as necessary and indispensable parties to the litigation. For the reasons set forth below, the Court concludes that this case and Davis are related cases under Local Rule 3.3(d)(iii) and will therefore refer this case to Chief Judge Bell for purposes of reassignment.

This case and Davis both arise out of an airplane accident that occurred on July 27, 2002. On that date, Mark Evans ("Evans") was piloting James Davis' single engine Cessna TR182 aircraft as it flew from Ludington, Michigan to Traverse City, Michigan. James Davis and Patty Evans, Evans' wife, were passengers. During the flight, a fire occurred and Evans made an emergency

landing in a field.  The airplane suffered extensive damage and the occupants suffered burns and other injuries.

Phoenix, which insured the airplane, paid James Davis the sum of $129,800 for the airplane and approximately $7,800 to James Davis and the Evans for medical expenses.  After settling the claim, the Davises executed a subrogation agreement which assigned to Phoenix all of the Davises' claims arising out of the accident, up to the amount paid under the policy.

The Davises filed their complaint against KWI on June 8, 2004, alleging claims of negligence, breach of implied warranties, breach of express warranties, and strict liability.  In the complaint, James Davis requested damages for, among other things, severe and disfiguring burns to his body, physical pain and suffering, mental anguish, loss of income, and total loss of the airplane.  The case was set for trial in the September 2005 trial session.  On June 15, 2005, Phoenix moved to intervene in the case, citing both intervention as of right and permissive intervention as grounds for its motion.  By order dated July 6, 2005, Magistrate Judge Scoville denied the motion, concluding that Phoenix's application was untimely, that Phoenix had adequate remedies to enforce its rights, and that intervention would be prejudicial to the parties.  However, the magistrate judge granted Phoenix the options of (1) asserting its claim through the Davis case by filing a notice of its subrogation lien and paying a share of the Davises' attorney fees, as determined the court; (2) seeking contractual recovery from the Davises; or (3) filing a separate lawsuit against KWI.  Phoenix opted for the third choice and filed its complaint in this action on July 21, 2005, alleging claims of negligence, products liability, breach of implied warranties, breach of express warranties, and strict liability.

2

KWI argues that this case should be consolidated with the Davis case because the claims in both cases arise out of the same set of facts and involve substantially the same legal issues. KWI notes that the discovery in the Davis case is equally applicable to this case and that it is likely that all parties will be ready for trial at the same time. In addition, KWI argues that because the evidence and witnesses in both cases will overlap substantially, consolidation will reduce the burden on all parties and witnesses that will be necessitated by two, largely duplicative, trials.

Phoenix counters that the cases should not be consolidated because they are at different stages, with the Davis case being ready for trial and this case in its infancy. Phoenix further argues that while the claims in both cases arise out of the same event and the claims are essentially the same, the cases are dissimilar because Phoenix alleges a products liability claim but the Davises do not, and the damages sought in the Davis case are significantly different from those sought in this case.

Local Civil Rule 3.3(d)(iii) provides that related cases shall be assigned to the same judge. W.D. Mich. LCivR 3.3(d)(iii). "Cases are deemed related when a filed case . . . arises out of the same transaction or occurrence and involves one or more of the same parties as a pending suit." W.D. Mich. LCivR 3.3(d)(iii)(A)(2). The cases are related under this definition and, with the exception of damages, involve substantially the same parties and same issues. Given this extensive overlap, it makes the most sense, in terms of judicial economy, convenience, and minimizing the parties' litigation costs and time spent on the cases, to have a single judge handle both cases and, in particular, to decide whether consolidation or a stay is appropriate. Even if the cases are not tried together, it may be desirable to conduct a joint proceedings, such as a settlement conference, before one judge. Therefore,

**IT IS HEREBY ORDERED** that this case shall be referred to Chief Judge Bell pursuant to Local Civil Rule 3.3(d)(iii)(B) for reassignment to Judge Friedman.  Accordingly, this Court will not decide the issues of consolidation and/or stay.

Dated:  September 22, 2005

    /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

4